David P. Leibowitz
AZ 029340

Mailing Address:
Upright Litigation, LLC
25 E. Washington
Suite 400
Chicago, IL 60602
Phone: (312) 985-9616
dleibowitz@lawsolutionsbk.com

Arizona Address:
13484 Heritage Gateway
Marana, AZ 85658
Phone: (520) 789-7646

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| RANDOLPH SEAMAN, | Case No. 14-99909 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| GENERAL BUSINESS RECOVERIES, INC<br>c/o Anita Reynolds<br>2033 E. Speedway Blvd. #103<br>Tucson, AZ 85719 | **JURY DEMAND REQUESTED** |
| Defendant. | |

Now come the Plaintiff, RANDOLPH SEAMAN, by and through his attorneys, and for his Complaint against the Defendant, GENERAL BUSINESS RECOVERIES, INC, Plaintiff alleges and state as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. §1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Thatcher, Arizona.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a corporation of the State of Arizona, which has its principal place of business in Tucson, Arizona.

## FACTS COMMON TO ALL COUNTS

9. On May 30, 2014, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, District of Arizona, Case No. 4:14-bk-08389-BMW.

10. Defendant received notice of Plaintiff's Chapter 7 bankruptcy case, as Defendant was listed as a creditor on Plaintiff's bankruptcy petition.  By virtue thereof, Defendant received

a Notice of Meeting of Creditors through the Bankruptcy Noticing Center, by first class mail, sent on or about June 2, 2014, to its address at P. O. Box 41960, Tucson, Arizona 85717. This is the same address which appears on General Business Recoveries, Inc.'s website at http://www.gbr-abs.com/contactus.html.

11. On or about June 18, 2014, an employee, agent and/or representative of Defendant placed a telephone call to Plaintiff seeking to collect the alleged debt, which was included in Plaintiff's bankruptcy filing. Plaintiff advised Defendant's employee, agent and/or representative that he had filed for bankruptcy protection.

12. Approximately two days later, Plaintiff received another telephone call from an employee, agent and/or representative of Defendant, in a further attempt to collect the same alleged debt which was included in his bankruptcy filing.

13. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

14. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

**COUNT I**

15. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

16. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA,

          pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

17. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

18. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT III**

19. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

20. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

**COUNT IV**

21. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

22. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

23. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

24. Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

      a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

25. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

26. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demand a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his FDCPA claims in this action.

| | |
|---|---|
| 1 | RESPECTFULLY SUBMITTED, |
| 2 | RANDOLPH SEAMAN |
| 3 | By: /s/ David P. Leibowitz |
| 4 | David P. Leibowitz |

5  David P. Leibowitz
   AZ 029340
6  Attorney for Plaintiff

7
   Mailing Address:
8  Upright Litigation, LLC
   25 E. Washington
9  Suite 400
   Chicago, IL 60602
10 Phone: (312) 985-9616
11 dleibowitz@lawsolutionsbk.com

12 Arizona Address:
   13484 Heritage Gateway
13 Marana, AZ 85658
14 Phone: (520) 789-7646

15

16

17

18

19

20

21

22

23

24

25

26

27

28